No. 3211.—L. A. SAUTON, Tutor, *v.* W. E. LEVERICH—JOHN DE
LACEY, Sheriff.  LOUIS A. SAUTON, Tutor, *v.* WM. J. BEATTY—
WM. E. LEVERICH and H. S. LOSEE, Intervenors.  (Consolidated.)

A written statement, under oath, of the amount and character of the wife's claims against
  her husband for moneys received, etc., if recorded in the proper office within the time
  prescribed by law, is sufficient to preserve the wife's mortgage on the property of her
  husband as security for the restitution of her paraphernal estate, which he has received.

APPEAL from the Ninth Judicial District Court, parish of Rapides.
  *Orsborn,* J.  *M. Ryan,* for plaintiff and appellee.  *Wm. A. Seay*
and *H. S. Losee,* for defendants and appellants.

WYLY, J.  In January, 1845, William J. Beatty and Clara Brown
were married in the parish of Rapides; this marriage was dissolved
by the death of Mrs. Beatty in the fall of 1847.  Her daughter, Judith
Beatty, her sole surviving heir, married the plaintiff, L. A. Sauton,
and in the year 1865 died, leaving the two minor children represented
by the plaintiff as natural tutor as her sole surviving heirs.

In behalf of these minors the plaintiff herein claims one undivided
half of the plantation seized by W. E. Leverich, the judgment creditor
of William J. Beatty, the sale of which he enjoins, and also claims
the proceeds of the other half on the ground that Beatty was indebted
to his wife, the grandmother of the minors, in the sum of $12,500, for
paraphernal funds received and appropriated by him during the mar-
riage with the said Mrs. Beatty, and the tacit mortgage securing said
indebtedness bears on the property seized and is superior in rank to
the mortgage of William E. Leverich, the seizing creditor.  The
plaintiff alleges that the said plantation was acquired by William J.
Beatty during the marriage with his wife, Clara Brown; that at her
death one-half thereof belonged to her as partner in community, there
being no community debts; that the same was inherited by Mrs.
Sauton, from whom the minors derived title by inheritance.

The court gave judgment for plaintiff, perpetuating the injunction,
decreeing the minors to be the owners of one undivided half of the
plantation and decreeing them to recover from the defendant, William
J. Beatty, $12,500, with five per cent. per annum interest thereon from
the thirty-first day of December, 1847, with recognition of mortgage
upon the property of the said William J. Beatty, dating, ranking and
taking effect from the seventh day of March, 1845.

The defendants and the intervenors have appealed.

It is proved that the property involved in this litigation was
acquired by William J. Beatty during the marriage with his wife,
Clara Brown; that the minors are her grandchildren, being the issue
of the marriage of Judith Beatty with L. A. Sauton and being her sole
heirs; and that the said Judith Beatty was the sole surviving heir of
the said Mrs. Beatty, who died in the fall of 1847.  The title to one

undivided half of the plantation seized by W. E. Leverich, the judgment creditor of William J. Beatty, is, therefore, established in the minors, it being the share of their grandmother in the community which existed between her and her husband, William J. Beatty. The claim for $12,500 paraphernal funds received and appropriated by said Beatty, as alleged, is also satisfactorily established, together with the legal mortgage securing the same; but it is contended that this mortgage was not recorded, as required by law, previous to the first day of January, 1870.

The mortgage not being in the shape of a written act or judgment, M. Ryan caused to be recorded in the parish of Rapides, on the thirtieth day of November, 1869, the following statement, to wit:

"STATE OF LOUISIANA, Parish of Rapides.

"The statement of M. Ryan, being cognizant of the facts herein stated and of the sum received and all other matters pertinent to these presents, shows that Louis A. Sauton, tutor of the minors Lou..a Amelia and Clara Maria, the issue of his marriage with Judith Beatty, that they (the minors) did inherit from their mother twelve thousand five hundred dollars, and bearing five per cent. per annum interest from the thirty-first day of December, one thousand eight hundred and forty-seven, and to secure to them the said sum they have a tacit mortgage on a certain plantation in the parish and State aforesaid, containing about one thousand acres, and being the same plantation on which William J. Beatty now resides; they, the said minors, also claim that they derived the said property in the following manner, to wit: William J. Beatty married Clara Brown, their grandmother, in the year 1845, and that immediately after said marriage the said William J. Beatty received twelve thousand five hundred dollars, the paraphernal property of his said wife, Clara Brown; and that the said Beatty did use and convert to his own use and benefit the said twelve thousand five hundred dollars; that the said Clara Brown, the wife of the said William J. Beatty, died in the year 1847; and the said minors further claim that they are entitled to be reimbursed the said sum, with interest from judicial demand, ranking from the date of the reception of said sum, as set forth. MICHAEL RYAN.

"Sworn and subscribed before me this, the thirtieth, day of November, 1869. J. H. C. BARLOW, Parish Judge."

We regard the registry of this written statement, detailing the facts and circumstances, under oath, of the claim on which the legal mortgage of the plaintiff is based, as a substantial compliance with the first and eighth sections of act No. 95 of the acts of 1869, entitled "An act to carry into effect article 123 of the Constitution and to provide for recording all mortgages and privileges." The mortgage asserted by the plaintiff is not the mortgage of a minor against his tutor, which

the act referred to requires to be registered according to sections two and eleven of said act; but it is the mortgage accorded by law to secure the claim of a married woman for paraphernal funds received and appropriated by her husband.

The plaintiff claims by inheritance the debt and the mortgage due by William J. Beatty to his wife, Clara Brown, and in this proceeding seeks to recover the same.

We think the certified copy of the statement was properly received to prove the registry, and that the bill of exceptions to the ruling of the court receiving it was not well taken.

We see no error in the judgment.

Judgment affirmed.

Rehearing refused.